MARK E. FERRARIO
Nevada Bar No. 1625
kummert@gtlaw.com
CHRISTOPHER R. MILTENBERGER
Nevada Bar No. 10153
miltenbergerc@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:   (702) 792-3773
Facsimile:   (702) 792-9002
*Attorneys for Defendants Lewis E. Graham II and Floworks, Inc. and Relief Defendant Linworth, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEWIS E. GRAHAM II, and FLOWORKS, INC.<br><br>Defendants,<br><br>and<br><br>LINWORTH, LLC,<br><br>Relief Defendant. | Case No. 2:09-CV-00250-JCM-LRL<br><br>**<u>DEFENDANTS LEWIS E. GRAHAM II AND FLOWORKS, INC. AND RELIEF DEFENDANT LINWORTH, LLC'S FIRST AMENDED ANSWER TO COMPLAINT</u>**<br><br>**JURY DEMAND** |

Defendants LEWIS E. GRAHAM II ("Graham") and FLOWORKS, INC. ("Floworks") and Relief Defendant LINWORTH, LLC ("Linworth") (Graham, Floworks, and Linworth are collectively referred to herein as the "Defendants"); by and through their counsel of record, Greenberg Traurig, LLP, hereby answer the allegations contained in the Complaint filed by Plaintiff SECURITIES AND EXCHANGE COMMISSION ("Plaintiff") as follows:

///

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

# INTRODUCTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants acknowledge that Plaintiff seeks injunctive relief, disgorgement, prejudgment interest, civil penalties, and other relief against these answering Defendants. As to all of the allegations in Paragraph 1 that could be potentially construed against these answering Defendants, Defendants deny each and every allegation against them contained in said paragraph.

# DEFENDANTS

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants admit that Graham is currently a resident of Las Vegas, Nevada, that Graham is the president of Floworks, that Floworks was elected by SSI's members to serve as SSI's manager, and that Graham filed a Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code in the District of Oregon, Case NO. 07-62339-fra11. As to any remaining allegations in Paragraph 2 that could implied against these answering Defendants, Defendants deny such allegations.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit that Floworks is a Nevada corporation with its current principal place of business is in Las Vegas, that during the times at issue in the Complaint, that Graham was the president of Floworks, and that Floworks' sole shareholder was FLOWorks, LLC, which is now known as Linworth LLC. As to the remaining allegation in Paragraph 3, Defendants affirmatively allege that Floworks was originally elected manager of SSI in early October 2002. As to any remaining allegations in Paragraph 3 that could implied against these answering Defendants, Defendants deny such allegations.

# RELIEF DEFENDANT

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants admit that Linworth was formerly known as FLOWorks LLC, a Nevada limited liability company that is currently 99% owned in equal shares by Graham and his wife, Marina D. Graham and that Linworth LLC changed its name from FLOWorks LLC to its current name in or around December 2007. These answering Defendants affirmatively allege that a third member received an interest in Linworth LLC in 2003 that was not perfected by tax filings until December 2006. These

answering Defendants deny any remaining allegations that could be construed against them contained in Paragraph 4 of Plaintiff's Complaint.

## OTHER RELATED ENTITIES AND INDIVIDUALS

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit Stanford Square Investors LLC ("SSI") is currently a Nevada limited liability company, that it was a California limited liability company during most of the time period at issue, and that SSI is managed by Floworks. These answering Defendants affirmatively allege that SSI's principal place of business is located in Nevada. These answering Defendants deny all of the remaining allegations that could be construed against them in Paragraph 5 of Plaintiff's Complaint.

6. Answering Paragraph 6 of Plaintiff's Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and therefore deny the same.

7. Answering Paragraph 7 of Plaintiff's Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and therefore deny the same.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

## SUMMARY

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendants admit that on or about June 14, 2005, SSI sold its primary asset, an office building in Palo Alto, California. These answering Defendants deny all of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that approximately sixty-one SSI investors chose to hold their SSI interest and participate in a §

1031 exchange involving property located in Eugene, Oregon. Defendants further admit that three SSI investors sold their interests to another SSI investor and/or to SSI. These answering Defendants deny all of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants admit that Graham contacted several attorneys in connection with SSI's sale of property located in Palo Alto, California and in connection with purchase of property located in Eugene, Oregon. These answering Defendants deny all of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that Floworks, as manager of SSI, was entitled to compensation for the services it rendered to SSI as its manager beginning in 2002, but affirmatively allege that Floworks has never received some of the compensation due and owing to it for the services it rendered. These answering Defendants deny all of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendants acknowledge that Plaintiff seeks injunctive relief, disgorgement, prejudgment interest, civil penalties, and other relief against these answering Defendants. As to all of the allegations in Paragraph 19 that could be potentially construed against these answering Defendants, Defendants deny each and every allegation against them contained in said paragraph.

## JURISDICTION AND VENUE

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

## FACTS

**The Palo Alto and Eugene Property Transactions**

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that SSI purchased an office building in approximately 1985 for approximately $15 million which was SSI's primary asset until the property's sale on or about June 14, 2005. These answering Defendants deny all of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendants admit that Floworks, as manager of SSI, periodically distributed informational updates, periodic ballots, and related disclosures to the SSI investors addressing the proposed sale of the Palo Alto office building. These answering Defendants deny all of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

Page 5 of 15

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendants admit that the Eugene Property referenced in the Complaint was owned by Western Mechanical, LLC in or about early July 2005. These answering Defendants deny all of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendants admit that SSI and Langenburg executed a Joint Ownership Agreement on or about July 28, 2005. The terms and language of the Joint Ownership Agreement speak for themselves. These answering Defendants deny that the Joint Ownership Agreement categorically excluded all fixtures, furnishings, and equipment.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendants admit that escrow for SSI wired approximately $2.8 million of cash proceeds from its sale of a Palo Alto office building to a qualified intermediary's account, which later wired the cash proceeds to an escrow account for the purchase of property located in Eugene. As to the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, Defendants admit that Graham signed a promissory note as president of Floworks on behalf of SSI as its manager. The terms and language of the promissory note referenced in Paragraph 35 speak for themselves.

36. Answering Paragraph 36 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendants admit that Graham,

as president of SSI's manager, sent a letter to SSI investors dated August 19, 2005. The language of the August 19, 2005 letter speaks for itself.

38. Answering Paragraph 38 of Plaintiff's Complaint, the language of the August 19, 2005 letter speaks for itself. Defendants admit that LRI offered to pay $30,000 for every 1% interest in the SSI. As to the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint, these answering Defendants deny each and every allegation contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, the language of the August 19, 2005 letter and any ballot attached thereto speaks for itself.

40. Answering Paragraph 40 of Plaintiff's Complaint, Defendants admit that investors representing at least 61.9% of the SSI membership interest elected to hold their membership interest after August 19, 2005 pursuant to their actions.

41. Answering Paragraph 41 of Plaintiff's Complaint, Defendants admit that investors representing approximately 38% of the SSI membership elected to sell their interest to LRI and that SSI and an SSI investor purchased approximately 7% of the SSI membership interest after August 19, 2005. As to the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint and therefore deny the same.

42. Answering Paragraph 42 of Plaintiff's Complaint, Defendants admit that LRI and FLOWorks, LLC finalized terms of an operating agreement for H20 Bottling in or around September 2005. The terms and language of the H20 Bottling Operating Agreement speak for themselves.

43. Answering Paragraph 43 of Plaintiff's Complaint, Defendants admit that LRI and SSI entered into a commercial lease agreement with H20 Bottling, LLC. The terms and language of the commercial lease agreement speak for themselves.

44. Answering Paragraph 44 of Plaintiff's Complaint, Defendants admit that SSI and LRI obtained loans from Grand Pacific Financing Corporation in October 2005. The terms and language contained in the financing speak for themselves. As to any remaining allegations

contained in Paragraph 44 of Plaintiff's Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint and therefore deny the same.

45. Answering Paragraph 45 of Plaintiff's Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint and therefore deny the same.

46. Answering Paragraph 46 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein. These answering Defendants affirmatively allege that any and all actions taken by SSI's manager were affirmed and/or approved by SSI's members.

48. Answering Paragraph 48 of Plaintiff's Complaint, Defendants admit that a Global Settlement Agreement was reached regarding claims asserted by SIPC trustee Stephen E. Snyder in November 2007, that Snyder was the trustee for the liquidation of Consolidated Investment Services Inc., and that Norman P. Rounds and his wife had, directly or indirectly, served as manager of SSI prior to Floworks. These answering Defendants deny any remaining allegations that could be construed against them contained in Paragraph 48 of Plaintiff's Complaint.

49. Answering Paragraph 49 of Plaintiff's Complaint, these answering Defendants allege that the terms of the November 2007 settlement agreement speak for themselves. These answering Defendants admit that a $1.8 million stipulated judgment was filed with the Oregon district court. The terms of the stipulated judgment speak for themselves. These answering Defendants affirmatively allege that SSI members unanimously approved these terms. These answering Defendants deny the remaining allegations that could be construed against them contained in Paragraph 49 of Plaintiff's Complaint.

50. Answering Paragraph 50 of Plaintiff's Complaint, Defendants admit that Grand Pac has filed actions to foreclose on trust deeds related to the Eugene Property. These answering Defendants deny the remaining allegations that could be construed against them

contained in Paragraph 50 of Plaintiff's Complaint.

**Materially Misleading Information in Graham's August 19, 2005 Newsletter**

51. Answering Paragraph 51 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

**The Nature of the Transaction**

52. Answering Paragraph 52 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

53. Answering Paragraph 53 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

**The Value of the Eugene Property**

54. Answering Paragraph 54 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

55. Answering Paragraph 55 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

56. Answering Paragraph 56 of Plaintiff's Complaint, these answering Defendants allege that the language and terms of the August 19, 2005 letter speak for themselves.

57. Answering Paragraph 57 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

58. Answering Paragraph 58 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

59. Answering Paragraph 59 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

60. Answering Paragraph 60 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

61. Answering Paragraph 61 of Plaintiff's Complaint, these answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint and therefore deny the same.

62. Answering Paragraph 62 of Plaintiff's Complaint, Defendants deny each and every

1  allegation contained therein.

2  **Water Processing Equipment**

3  63.  Answering Paragraph 63 of Plaintiff's Complaint, Defendants deny each and every
4  allegation contained therein.

5  64.  Answering Paragraph 64 of Plaintiff's Complaint, these answering Defendants
6  allege that the terms and language of the August 19, 2005 letter speak for themselves. These
7  answering Defendants deny the remaining allegations that could be construed against them
8  contained in Paragraph 64 of Plaintiff's Complaint.

9  65.  Answering Paragraph 65 of Plaintiff's Complaint, Defendants deny each and
10  every allegation contained therein.

11  66.  Answering Paragraph 66 of Plaintiff's Complaint, Defendants deny each and
12  every allegation contained therein.

13  67.  Answering Paragraph 67 of Plaintiff's Complaint, Defendants deny each and
14  every allegation contained therein.

15  68.  Answering Paragraph 68 of Plaintiff's Complaint, Defendants deny each and
16  every allegation contained therein.

17  **The Status of the Transaction as a Tax Free Exchange**

18  69.  Answering Paragraph 69 of Plaintiff's Complaint, Defendants deny each and
19  every allegation contained therein.

20  70.  Answering Paragraph 70 of Plaintiff's Complaint, these answering Defendants
21  allege that the terms and language of the August 19, 2005 letter speak for themselves. These
22  answering Defendants deny the remaining allegations that could be construed against them
23  contained in Paragraph 70 of Plaintiff's Complaint.

24  71.  Answering Paragraph 71 of Plaintiff's Complaint, Defendants deny each and
25  every allegation contained therein.

26  72.  Answering Paragraph 72 of Plaintiff's Complaint, Defendants deny each and
27  every allegation contained therein.

28  73.  Answering Paragraph 73 of Plaintiff's Complaint, Defendants deny each and

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1  every allegation contained therein.

2  74.  Answering Paragraph 74 of Plaintiff's Complaint, Defendants deny each and
3  every allegation contained therein.

4  75.  Answering Paragraph 75 of Plaintiff's Complaint, Defendants deny each and
5  every allegation contained therein.

6  **Failure to Disclose Graham's Personal Financial Interests**

7  76.  Answering Paragraph 76 of Plaintiff's Complaint, Defendants deny each and
8  every allegation contained therein.

9  77.  Answering Paragraph 77 of Plaintiff's Complaint, these answering Defendants
10  allege that the terms and language of the August 19, 2005 letter speak for themselves. These
11  answering Defendants deny the remaining allegations that could be construed against them
12  contained in Paragraph 77 of Plaintiff's Complaint.

13  78.  Answering Paragraph 78 of Plaintiff's Complaint, Defendants deny each and
14  every allegation contained therein.

15  79.  Answering Paragraph 79 of Plaintiff's Complaint, Defendants deny each and
16  every allegation contained therein.

17  80.  Answering Paragraph 80 of Plaintiff's Complaint, Defendants deny each and
18  every allegation contained therein.

19  81.  Answering Paragraph 76 of Plaintiff's Complaint, Defendants deny each and
20  every allegation contained therein.

21  **Graham's Failure to Disclose Existing and Potential Liabilities Incurred by**
22  **SSI**

23  82.  Answering Paragraph 82 of Plaintiff's Complaint, Defendants deny each and
24  every allegation contained therein.

25  83.  Answering Paragraph 83 of Plaintiff's Complaint, these answering Defendants
26  allege that the terms and language of any such promissory note speak for themselves. These
27  answering Defendants deny the remaining allegations that could be construed against them
28  contained in Paragraph 83 of Plaintiff's Complaint.

84. Answering Paragraph 84 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

85. Answering Paragraph 85 of Plaintiff's Complaint, these answering Defendants admit that one first mortgage loan from Grand Pac closed in October 2005. These answering Defendants deny the remaining allegations that could be construed against them contained in Paragraph 85 of Plaintiff's Complaint.

86. Answering Paragraph 86 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

87. Answering Paragraph 87 of Plaintiff's Complaint, Defendants admit that the Grand Pac loans were not listed in SSI's 2005 financial statements distributed to SSI members in June 2006. These answering Defendants deny the remaining allegations that could be construed against them contained in Paragraph 87 of Plaintiff's Complaint.

88. Answering Paragraph 88 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

**Other Materially Misleading Communications by Graham**

89. Answering Paragraph 89 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

90. Answering Paragraph 90 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

91. Answering Paragraph 91 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

92. Answering Paragraph 92 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF**
**Violations by Graham and FLOWorks of**
**Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5**

93. These answering Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 92 as if fully set forth herein.

94. Answering Paragraph 94 of Plaintiff's Complaint, Defendants deny each and

every allegation contained therein.

95. Answering Paragraph 95 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF
### Claim for Equitable Disgorgement Against Relief Defendant Linworth LLC

96. These answering Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 95 as if fully set forth herein.

97. Answering Paragraph 97 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

98. Answering Paragraph 98 of Plaintiff's Complaint, Defendants deny each and every allegation contained therein.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury as to all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiff's Complaint and the claims for relief asserted therein.

1. Plaintiff's Complaint, and each claim asserted therein, fails to state a claim upon which relief can be granted.

2. Plaintiff lack's jurisdiction over this action to assert claims against these Defendants.

3. Plaintiff's Complaint fails to plead facts sufficient to establish scienter as to Graham or Floworks.

4. These answering Defendants lacked the requisite specific intent necessary for Plaintiff to sustain their claims against these answering Defendants.

5. Plaintiff's Complaint, and each claim asserted therein, is barred by the doctrine of estoppel.

6. Plaintiff's Complaint, and each claim asserted therein, is barred by the doctrine of unclean hands.

7. Pursuant to the Federal Rules of Civil Procedure all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry prior to the filing of this Answer, and therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

**WHEREFORE**, Defendants pray as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That this Court dismiss Plaintiff's Complaint with prejudice;

3. That Defendants be awarded attorneys' fees and costs incurred in the defense of this action; and

4. For such other and further relief as the Court may deem just and proper.

Dated this 27th day of July, 2009.

**GREENBERG TRAURIG, LLP**

   /s/ Christopher R. Miltenberger, Esq.
MARK E. FERRARIO
Nevada Bar No. 1625
kummert@gtlaw.com
CHRISTOPHER R. MILTENBERGER
Nevada Bar No. 10153
miltenbergerc@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Attorneys for Defendants Lewis E. Graham II and Floworks, Inc. and Relief Defendant Linworth, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 27th day of July, 2009, I served a copy of the foregoing DEFENDANTS LEWIS E. GRAHAM II AND FLOWORKS, INC. AND RELIEF DEFENDANT LINWORTH, LLC'S FIRST AMENDED ANSWER TO COMPLAINT on:

Thomas J. Krysa
Thomas M. Piccone
Tracy A. Tirey
U.S. Securities and Exchange Commission
1801 California Street, Suite 1500
Denver, Colorado 80202
*Attorneys for Plaintiff*

Gregory A. Brower
Blaine T. Welsh
United States Attorney's Office
333 Las Vegas Boulevard, Suite 5000
Las Vegas, Nevada 89101
*Associate Resident Counsel for Plaintiff*

by causing a full, true and correct copy thereof to be sent by the following indicated method or methods, on the date set forth above

  X   By electronic mail via the Court's electronic notification system or directly to the last e-mail address of the attorney.

/s/ Joyce Heilich
An Employee of Greenberg Traurig, LLP

LV 418,885,826v1